July 8, 2025

**Supreme Court**

No. 2024-215-Appeal.
No. 2024-216-Appeal.
(KC 21-689)

New Phase Realty, LLC, assignor     :
  and prior owner, et al.

           v.            :

Jeremy J. Fournier et al.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2024-215-Appeal.
No. 2024-216-Appeal.
(KC 21-689)

New Phase Realty, LLC, assignor      :
   and prior owner, et al.[1]

               v.               :

  Jeremy J. Fournier et al.       :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiffs, Daniel B. Struebing and Amanda L. Lyons, appeal in these consolidated trespass and adverse possession cases from the entry of summary judgment in favor of the defendants, Jeremy J. Fournier and Jennifer M. Fournier.  On appeal, the plaintiffs contend, *inter alia*, that the hearing justice overlooked the fact that a "seizure" by the United States government of the plaintiffs' property interrupted the running of the statutory time period relative to the defendants' adverse possession claim.  The plaintiffs also contend that the hearing justice impermissibly acted as a factfinder and that he

---

[1]     New Phase Realty, LLC was one of the initial parties in this case.  However, as shall be seen, the only appellants at this time are Daniel B. Struebing and Amanda L. Lyons.

- 1 -

overlooked the federal district court's express determination regarding the forfeiture of the lot in question.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the parties and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

In November of 2008, defendants purchased a parcel of real property located at 11 Bradford Court in West Warwick, Rhode Island. The plaintiffs are the owners of an adjacent lot, which is located at 17 Bradford Court in West Warwick. In December of 2008, according to defendants, they began "clearing debris" from a triangular area in the corner of their backyard; said triangular area is the portion of land that is in dispute between defendants and plaintiffs—it being plaintiffs' contention that they are the owners of that triangular area of land.

According to defendants, from December 2008 through December 2018, they removed vegetation and trees, planted grass (which was maintained through

mowing), and engaged in gardening in the disputed area. Further, according to defendants, in September of 2016, they "installed a fence on the property." They have also pointed to the fact that the area in dispute has been utilized by their children for activities such as sledding and is an area which their dog visits. Additionally, they assert that they have paid taxes on the disputed area, stating: "Since 2008, we have paid taxes for 13,330 sq. ft. as assessed by the Town of West Warwick; our surveyed land, without the disputed area, is 10,328 sq. ft." In summary, defendants posit that they have "exclusively maintained" the area in dispute and that they have not observed anyone else enter that triangular area.

According to the affidavit of Mr. Santo Lombardi,[2] "federal government agents raided" the property at 17 Bradford Court when it was previously owned by one Zhijun Zhao. And, in a "Declaration" by special agent Alan J. Sims of the United States Drug Enforcement Administration, it is stated that a search warrant was executed for the 17 Bradford Court property on April 9, 2019. A Motion for Writ of Entry was filed on behalf of the United States government on October 7, 2019 in the United States District Court for the District of Rhode Island, which reads in pertinent part as follows: "The Civil Asset Forfeiture Reform Act of 2000, * * * specifically allows for issuance and execution of a writ of entry 'for the purpose of

---

[2] According to Santo Lombardi's affidavit, which was filed in support of plaintiffs' motion for summary judgment, he is the majority owner of New Phase Realty, LLC.

conducting an inspection and inventory of the property' and further provides that the execution of such a writ 'shall not be considered a seizure.'" (Quoting 18 U.S.C. § 985(b)(2).)

In a verified complaint "for forfeiture *in rem*" filed by an Assistant United States Attorney on October 3, 2019, it was stated that plaintiffs' property had "not been seized but it is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the * * * Property at this time." Later, on February 25, 2020, a default judgment and final order of forfeiture of the 17 Bradford Court property was entered in the federal district court. That final judgment indicated that the 17 Bradford Court property was forfeited to the United States and that "all right, title, and interest" in the property "is hereby vested in the United States." On March 23, 2021, an interlocutory order granting the United States the authority to sell the 17 Bradford Court property was also entered in the federal district court. The interlocutory order stated in pertinent part: "The Property shall be sold free and clear of any and all interests, claims and liens of any and all potential claimants and upon the closing of the sale of the Property * * *."

On April 27, 2021, New Phase Realty, LLC purchased the 17 Bradford Court property. On August 10, 2021, New Phase Realty, LLC filed a complaint in the Superior Court against defendants setting forth claims for trespass (Count 1); slander

of title (Count 2); declaratory judgment (Count 3); and injunctive relief (Count 4). On August 31, 2021, plaintiffs filed an amended complaint setting forth the same counts so as to reflect the transfer of the 17 Bradford Court property from New Phase Realty, LLC to Daniel B. Struebing and Amanda L. Lyons. The defendants thereafter filed an answer and counterclaim, alleging that they owned the disputed area by virtue of adverse possession.

Thereafter, defendants filed a motion for summary judgment on their counterclaim. A hearing justice denied defendants' motion without prejudice on October 18, 2023, expressing concern that, due to the forfeiture proceedings relative to the 17 Bradford Court property, the federal district court retained jurisdiction over the matter. The plaintiffs filed a motion for summary judgment on December 4, 2023, contending that the Superior Court did not have jurisdiction "over the federal seizure of the subject property" and that, because the federal district court "ruled that the property is to be sold by special warranty deed * * *, the federal court's Order of sale is *res judicata*."

As a result of the hearing justice's ruling on defendants' initial motion for summary judgment, on December 7, 2023, defendants filed a "Motion for Relief from Judgment or Order" in the federal district court, seeking relief from "Order and Judgment entered in this action retaining jurisdiction." On December 11, 2023, a "text order" was entered by the federal district court, granting defendants' motion

- 5 -

for relief from judgment. Specifically, the order indicated that the federal district court's retention of jurisdiction to enforce its final judgment on the forfeiture action did not preclude the Superior Court from addressing the legal dispute involving the 17 Bradford Court property. As a consequence of that December "text order" of the federal district court, on December 20, 2023, defendants filed a renewed motion for summary judgment.

A hearing on the cross-motions for summary judgment was held on May 13, 2024 before a hearing justice in the Superior Court who was different from the hearing justice who had ruled on defendants' initial motion for summary judgment. After acknowledging that the federal district court had resolved the jurisdictional issues, the hearing justice delivered a bench decision relative to the adverse possession claim over the triangular area of property. The hearing justice first found that there were no genuine issues of material fact in dispute. He further found that defendants had presented compelling evidence that satisfied the elements required to prevail on a claim for adverse possession. In support of that decision, the hearing justice emphasized the following facts gleaned from affidavits filed on behalf of defendants as well as from other exhibits attached to their motion for summary judgment:

> "On November 19, 2008, Defendants purchased their property located at 11 Bradford Court. Since moving into their property at that time, they have identified the disputed land as part of their property. After moving into

- 6 -

their property, Defendants have cleared debris and cleaned up their yard including the disputed land and continuously done routine yard work on the disputed land including the removal of trees, mo[w]ing grass, removing poison ivy, clearing off leaves, and planting a garden. Defendants have also enjoyed recreational activities on the disputed land including their children sledding down the hill in the winter, and playing on the hill in the summer, and the Defendants' dog has also used the disputed land to relieve himself and run around on."

In his decision, the hearing justice made note of the fact that defendants installed a fence in 2016 "incorporating the disputed land on their side of the fence" and the fact that no one "complained of trespass at the time of that installation * * *." He further underscored that no one has ever "crossed into the disputed land, and that [defendants] pay taxes on the disputed land."

The hearing justice found that, because defendants' "statutory possession began running at the latest on December 31, 2008, ten years of continuous possession would elapse on December 31st, 2018." He further ruled hypothetically that, even if the April 9, 2019 warrant that was executed by the United States government were a seizure of the 17 Bradford Court property, defendants had already satisfied the statutory time period for an adverse possession claim by that point in time. Accordingly, the hearing justice ruled that defendants had, by clear and convincing evidence, established that they "actually, openly, notoriously, continuously, and exclusively used the disputed land for a period of time from at least December 31, 2008 to April 9, 2019 * * *." He additionally ruled that, because

- 7 -

he found that defendants had prevailed on their adverse possession claim, plaintiffs' claims of trespass and slander of title and their prayers for declaratory and injunctive relief had become nugatory. Accordingly, the hearing justice granted defendants' motion for summary judgment on their counterclaim and denied plaintiffs' motion for summary judgment.

An order reflecting the hearing justice's decision as well as a final judgment were entered on May 21, 2024. On May 24, 2024, plaintiffs filed a notice of appeal; on that same day, they filed another notice of appeal that was labeled as a cross-appeal.

## II

### Issues on Appeal

On appeal, plaintiffs assert that the seizure of the 17 Bradford Court property by the United States government interrupted the running of the statutory time period relative to defendants' adverse possession claim. They also argue that the hearing justice acted as a factfinder in rendering his decision. Additionally, it is plaintiffs' contention that the doctrine of *res judicata* applies because the judgment in the forfeiture action in the federal district court was binding on the Superior Court.

# III

## Standard of Review

It is a basic principle that this Court "reviews the granting of a motion for summary judgment on a *de novo* basis; in so doing, we employ the same rules and standards that the hearing justice used." *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 391 (R.I. 2008). We have stated that, "[i]n addressing a motion for summary judgment, the evidence is to be examined in a light most favorable to the nonmoving party, and we will affirm the judgment if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Meeks v. Stop & Shop Supermarket Company, LLC*, 289 A.3d 1179, 1183 (R.I. 2023) (internal quotation marks omitted). In addition, we have emphasized that it is "important to bear in mind that the purpose of the summary judgment procedure is issue finding, not issue determination." *Estate of Giuliano*, 949 A.2d at 391 (internal quotation marks omitted). When we conduct our review, we are cognizant that "[s]ummary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." *Id.* at 390 (internal quotation marks omitted). The nonmoving party must "prove the existence of a disputed issue of material fact" by competent evidence and may not "rely upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* at 391 (internal quotation marks omitted).

**IV**

**Discussion**

On appeal, plaintiffs first contend that the federal government seized the 17 Bradford Court property when it executed a search warrant and that that seizure interrupted the running of the statutory time period relative to defendants' adverse possession claim. The defendants argue that plaintiffs' contention in that regard "is proved false by the government's pleadings in the Federal District Court Action." Moreover, defendants add that, even if the property had been seized due to the April 2019 search warrant, they had already adversely possessed the area in dispute as of November 2018.

In addressing plaintiffs' argument, we need go no further than to look at the plain language of the Verified Complaint for Forfeiture *In Rem* and the Motion for Writ of Entry. In paragraph four of the verified complaint, the federal government specifically represents that 17 Bradford Court had "not been seized." Paragraph three of the Motion for Writ of Entry further provides that execution of a writ of entry "for the purpose of conducting an inspection and inventory of the property * * * shall not be considered a seizure." (Internal quotation marks omitted.) It is our view that these documents establish that, when the federal government executed a search warrant for the 17 Bradford Court property in April of 2019, the property was not seized. Simply put, the federal government's intervention that took place in 2019

did not interrupt the running of the statutory time period relative to defendants' adverse possession claim.

As for plaintiffs' remaining arguments, even assuming *arguendo* that the federal government's actions with respect to the property in *April of 2019* did constitute a seizure that ultimately resulted in the forfeiture action, plaintiffs' position still fails. As will become clear *infra*, defendants had already satisfied the statutory time period for an adverse possession claim with respect to the disputed area in *December of 2018*. As such, we next address the merits of defendants' adverse possession claim.

This Court has established that a "party may acquire land pursuant to the doctrine of adverse possession when the elements identified in the General Assembly's codification of this method of acquisition are met." *Union Cemetery Burial Society of North Smithfield v. Foisy*, 292 A.3d 1205, 1214 (R.I. 2023) (internal quotation marks omitted).

General Laws 1956 § 34-7-1 provides:

> "Where any person or persons, or others from whom he, she, or they derive their title, either by themselves, tenants or lessees, shall have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands, tenements or hereditaments for and during that time, claiming the same as his, her or their proper, sole and rightful estate in fee simple, the actual seisin and possession shall be allowed to give and make a good and rightful title to the person or persons, their heirs and assigns forever; and any plaintiff suing for the

recovery of any such lands may rely upon the possession as conclusive title thereto, and this chapter being pleaded in bar to any action that shall be brought for the lands, tenements or hereditaments, and the actual seisin and possession being duly proved, shall be allowed to be good, valid and effectual in law for barring the action."

We have also stated that, in order "to obtain title by adverse possession, a claimant must prove actual, open, notorious, hostile, continuous, and exclusive use of the property under a claim of right for at least a period of ten years." *Union Cemetery*, 292 A.3d at 1214 (internal quotation marks and brackets omitted). In order to prevail on a claim of adverse possession, a party "must establish the required elements by strict proof, that is, proof by clear and convincing evidence." *Clark v. Buttonwoods Beach Association*, 226 A.3d 683, 690-91 (R.I. 2020) (quoting *DiPippo v. Sperling*, 63 A.3d 503, 508 (R.I. 2013)). This Court has further made clear that "[u]pon ten years of uninterrupted, quiet, peaceful and actual seisin and possession of the land, good and rightful title vests immediately in the adverse claimant." *Id.* at 691 (quoting *Carnevale v. Dupee*, 783 A.2d 404, 412 (R.I. 2001)).

In the instant case, it is our opinion that, at the summary judgment stage, the motion justice correctly held that defendants had established by clear and convincing evidence that they had satisfied the elements of their adverse possession claim over the disputed triangular portion of land. As the hearing justice indicated, the affidavits of defendants as well as other exhibits attached to their motion for summary judgment established that, since 2008, defendants had identified the

- 12 -

disputed area as part of their property and had maintained the property as their own, including paying taxes on it. The maintenance of the disputed area included clearing debris, removing trees and other vegetation, mowing grass, and planting a garden. *See Union Cemetery*, 292 A.3d at 1217-18. The hearing justice also noted that defendants have used that disputed area for recreational activities for their children and for use by their dog. *See Acampora v. Pearson*, 899 A.2d 459, 467 (R.I. 2006) (stating that the plaintiffs, who had established a claim for adverse possession, "used the disputed property, which [was] essentially a side yard, as any owner of this residential land would—they cut the lawn, maintained the property, and used it for outdoor activities"). The record also reveals that, in 2016, defendants installed a fence in that area, with no objection from anyone. *See Anthony v. Searle*, 681 A.2d 892, 898 (R.I. 1996) (affirming the trial justice's finding that a landowner satisfied the elements of adverse possession by planting trees, maintaining a lawn, and making other improvements such as the "erection of a rabbit hutch and two cold frames").

It is our opinion that defendants proffered more than enough evidence to establish that the ten-year statutory time period was met and that defendants' ownership by adverse possession over the disputed portion of the property vested in December of 2018. *See Union Cemetery*, 292 A.3d at 1214-15. Lastly, we underscore that plaintiffs have not presented any contradictory evidence and that

there has been no refutation of the statements that defendants have set forth in their affidavits. *See Estate of Giuliano*, 949 A.2d at 391 (stating that the party opposing summary judgment may not "rely upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions").

Accordingly, we perceive no error in the hearing justice's grant of the defendants' motion for summary judgment and in his denial of the plaintiffs' motion for summary judgment.

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



# OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | New Phase Realty, LLC, assignor and prior owner, et al. v. Jeremy J. Fournier et al. |
| **Case Number** | No. 2024-215-Appeal. No. 2024-216-Appeal. (KC 21-689) |
| **Date Opinion Filed** | July 8, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiffs: Edward J. Mulligan, Esq. |
| | For Defendants: Jennifer M. Fournier, Esq. |